**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LAWRENCE M. MEADOWS,<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC., a<br>Delaware Corporation, and DOES 1-20,<br><br>        Defendants. | Case No. 1:15-cv-03899<br><br>Honorable Manish S. Shah |

## JOINT INITIAL STATUS REPORT

Plaintiff LAWRENCE M. MEADOWS ("Plaintiff") and Defendant AMERICAN AIRLINES, INC. ("Defendant" or "American") file the following Joint Initial Status Report:

**1.    THE NATURE OF THE CASE.**

    **a.    Identify the attorneys of record for each party, including the lead trial attorney.**

| LAWRENCE M. MEADOWS, *Pro Se:* | Counsel for Defendant AMERICAN AIRLINES, INC.: |
|---|---|
| Lawrence M. Meadows, *Pro Se*<br>203 North LaSalle Street, Suite 2100<br>Chicago, Illinois 60601<br>Telephone: 312.917.6214<br>Facsimile: 435.604.7850<br>*lawrencemeadows@yahoo.com* | Colleen G. DeRosa<br>OGLETREE, DEAKINS, NASH,<br>  SMOAK & STEWART, P.C.<br>155 North Wacker Drive, Suite 4300<br>Chicago, Illinois 60606<br>Telephone: 312.558.1220<br>Facsimile: 312.807.3619<br>*colleen.derosa@ogletreedeakins.com*<br><br>Mark Robertson (*pro hac vice pending*)<br>Daniel S. Shamah (*pro hac vice pending*)<br>O'MELVENY & MYERS LLP<br>Times Square Tower<br>7 Times Square<br>New York, New York 10036<br>Telephone: 212.326.2000<br>Facsimile: 212.326.2061<br>*mrobertson@omm.com*<br>*dshamah@omm.com* |

b.  **State the basis for federal jurisdiction.**

Under 28 U.S.C. §1331 and §1343, federal-question jurisdiction exists over Plaintiff's claims under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* (the "ADA").

c.  **Describe the nature of the claims asserted in the complaint and any counterclaims.**

Plaintiff asserts two claims under the ADA. In Count I, Plaintiff asserts that American engaged in disability discrimination. In Count II, Plaintiff asserts that American failed to provide a reasonable accommodation.

American has not filed any counterclaims, but reserves its rights in that regard.

d.  **State the major legal and factual issues in the case.**

Defendant's position is that the major issues in the case are all legal and are: (i) whether Plaintiff's claims are barred by federal bankruptcy law and the orders entered by the Bankruptcy Court for the Southern District of New York; and if not, (ii) whether Plaintiff's "post-bankruptcy" allegations nevertheless fail to state a claim because Plaintiff was not a "qualified individual" under the ADA during the relevant time period.

Plaintiff's position is that there are legal and factual issues, to include: (i) that his post-petition claims for ongoing discriminatory/retaliatory conduct are not discharged and not barred by the Bankruptcy Court under the continuing violation doctrine, (ii) the Plaintiff's employment status is disputed, and (iii) it is also disputed that Plaintiff is a qualified individual under the ADA.

e.  **Describe the relief sought by the plaintiff(s).**

Plaintiff seeks "reinstatement to his relative position on the Pilot System Seniority List, "*Reasonable Accommodation*" of reinstatement to a non-flying job in the pilots bargaining unit,

2

reinstatement of non-revenue travel benefits, back pay and benefits, prejudgment interest, punitive damages, emotional distress and compensatory damages, and legal fees and costs." (ECF No. 1, ¶ 127.)

**2.** **PENDING MOTIONS AND CASE PLAN.**

    a. **Identify all pending motions.**

Defendant intends to file a motion to dismiss Plaintiff's claims with prejudice on the grounds that Plaintiff's claims are barred under federal bankruptcy law and the orders entered by the Bankruptcy Court for the Southern District of New York. Defendant intends to notice this motion for presentment at the initial status conference scheduled for July 7, 2015 at 9:30 a.m., and request that the Court enter a briefing schedule at that time.

Plaintiff asserts Defendant has not yet filed its Answer and/or Motion to Dismiss, which is due on July 2, 2015. Regardless, nothing in Rule 12 allows for a stay of discovery, and that filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion. *See Walsh v. Heilmann,* 472 F.3d 504, 505 (7th Cir. 2006). Rather, the determination to stay discovery is based on the individual case and whether ongoing discovery is "unlikely to produce facts necessary to defeat the motion." *Sprague v. Brook,* 149 F.R.D. 575, 577 (N.D. Ill. 1993). Accordingly, Plaintiff does not agree to stay discovery in this matter.

    b. **Submit a proposal for a discovery plan, including the following information:**

        i. **The general type of discovery needed.**

If Defendant's motion to dismiss is denied, Defendant currently anticipates written discovery regarding Plaintiff's allegations, including damages, and potential third-party discovery from, among others, Plaintiff's medical and mental-health providers. Defendant currently anticipates deposing Plaintiff. Defendant reserves its right to pursue additional discovery as appropriate and as the case and its investigation develops.

Plaintiff anticipates written discovery regarding Defendant's employment, disability, and accommodation practices, and unethical and unlawful corporate conduct relating thereto. He seeks 20 depositions which will include several company managers and employees, as well third party discovery from American's disability claims administrator Harvey-Watt &Co., American's pilot union the Allied Pilots Association, and American's former outside labor counsel from Ogletree Deakins and Hutton Williams. Plaintiff also anticipates discovery of any experts that Defendant may retain.

Plaintiff reserves its right to pursue additional discovery as appropriate and as the case and its investigation develops.

### ii. A date for Rule 26(a)(1) disclosures;

Defendant proposes exchanging Rule 26(a)(1) disclosures within 14 days of the Court's ruling on Defendant's motion to dismiss.

Plaintiff proposes exchanging Rule 26(a)(1) disclosures within 14 days of the Court's status hearing on July 7, 2015.

### iii. A date to issue written discovery;

Defendant proposes issuing initial written discovery within 30 days of the Court's ruling on Defendant's motion to dismiss.

Plaintiff proposes issuing initial written discovery within 30 days of the Court's status hearing on July 7, 2015.

### iv. A fact discovery completion date;

Defendant proposes that all fact discovery be completed within six months after a ruling on Defendant's motion to dismiss.

Plaintiff proposes that all fact discovery be completed within six months commencing on July 7, 2015.

> **v.    If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports; and**

If there is a need for expert discovery, the parties propose that expert reports be provided within 30 days after the close of fact discovery, any rebuttal reports within 30 days after that, and that all expert discovery be completed within 90 days after the close of fact discovery.

> **vi.    A date for filing dispositive motions.**

The parties propose that all potentially dispositive motions be filed within 45 days after the close of discovery.

> **c.    With respect to trial, indicate whether a jury trial is requested and the probable length of trial.**

Plaintiff has requested a jury trial in his civil cover sheet. Defendant estimates that a trial would last three to five days. Plaintiff estimates that a trial would last five to seven days.

**3.    CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE.**

> **a.    Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.**

Defendant does not consent to proceed before a Magistrate Judge.

Plaintiff consents to proceed before a Magistrate Judge.

**4.    STATUS OF SETTLEMENT DISCUSSIONS.**

> **a.    Indicate whether any settlement discussions have occurred.**

The parties have not engaged in settlement discussions since the filing of the Complaint in this matter. The parties previously engaged in settlement discussions in conjunction with prior litigation matters filed by Plaintiff against Defendant.

> **b.    Describe the status of any settlement discussions.**

The settlement discussions in conjunction with prior litigation matters filed by Plaintiff against Defendant were not successful.

    **c.    Whether the parties request a settlement conference.**

Defendant does not request a settlement conference at this time.

Plaintiff recently spent several months in mediated settlement discussions with Defendant, which failed on April 15, 2015. At this juncture, he believes a settlement conference would not be productive, and does not request one at this time.

| | |
|---|---|
| **DATED:** July 1, 2015. | Respectfully submitted, |

| | |
|---|---|
| By:   /s/ Colleen G. DeRosa<br>One of the Attorneys for Defendant<br>**AMERICAN AIRLINES, INC.** | By:   /s/ Lawrence M. Meadows *(w/permission)*<br>**LAWRENCE M. MEADOWS,** *Pro Se* |
| Colleen G. DeRosa<br>**OGLETREE, DEAKINS, NASH,**<br>**SMOAK & STEWART, P.C.**<br>155 North Wacker Drive, Suite 4300<br>Chicago, Illinois 60606<br>Telephone: 312.558.1220<br>Facsimile: 312.807.3619<br>*colleen.derosa@ogletreedeakins.com* | Lawrence M. Meadows, *Pro Se*<br>203 North LaSalle Street, Suite 2100<br>Chicago, IL 60601<br>Telephone: 312.917.6214<br>Facsimile: 435.604.7850<br>*lawrencemeadows@yahoo.com* |
| Mark Robertson (*pro hac vice pending*)<br>Daniel S. Shamah (*pro hac vice pending*)<br>**O'MELVENY & MYERS LLP**<br>Times Square Tower<br>7 Times Square<br>New York, New York 10036<br>Telephone: 212.326.2000<br>Facsimile: 212.326.2061<br>*mrobertson@omm.com*<br>*dshamah@omm.com* | |

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on July 1, 2015, the foregoing ***Joint Initial Status Report*** was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

>Lawrence M. Meadows
>203 North LaSalle Street
>Suite 2100
>Chicago, IL 60601
>Telephone: 516.982.7718
>Facsimile: 435.604.7850
>*lawrencemeadows@yahoo.com*
>
>***Pro Se Plaintiff***

The undersigned attorney further certifies that on July 1, 2015, she caused a copy of the foregoing ***Joint Initial Status Report*** to be delivered to Mr. Meadows via FedEx Overnight delivery at the address indicated above.


   /s/ Colleen G. DeRosa