UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAWRENCE MEADOWS,

    Plaintiff,

v.

AMERICAN AIRLINES, INC., et al.,

    Defendants.

No. 15 CV 3899

Judge Manish S. Shah

## ORDER

Defendant Allied Pilots Association's motion to dismiss [36] is granted. The complaint as to APA is dismissed with prejudice. Defendant Marjorie Powell's motion to dismiss [42] is granted. Powell is dismissed without prejudice for lack of personal jurisdiction. The Clerk shall terminate Powell and Allied Pilots Association as defendants in this case. Defendant American Airlines, Inc.'s motion to dismiss [39] is denied without prejudice to renewal upon the lifting of the stay as to American Airlines.

## STATEMENT

Plaintiff Lawrence Meadows was a pilot for defendant American Airlines. He received disability benefits from American for a time, but he was eventually terminated. (A second claim for disability benefits was partially approved.) In this case, he alleges claims against American, the Allied Pilots Association union, and Marjorie Powell (an in-house lawyer for American) that relate to the termination and denial of his benefits, his employment, and the handling of grievances by the union. All three defendants move to dismiss the complaint. The litigation against American Airlines has been stayed, because Meadows is currently enjoined (by an order of the bankruptcy court in the Southern District of New York) from pursuing this lawsuit against American. The claims against the union and Powell are no longer stayed.

Meadows has not responded to the union's and Powell's motions. He was present in court when the briefing schedule was set and acknowledged his obligation to address the defendants' motions. His failure to respond is a waiver of any arguments he has in response to the motions. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011).

Meadows has made no showing that this court has personal jurisdiction over Powell. Once personal jurisdiction is disputed, as it is here, the party asserting jurisdiction has the burden to prove it. *Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163–1164 (7th Cir. 2015). There has been no showing that Powell, an attorney living and working in Texas, has extensive or pervasive contacts with Illinois, so there is no general personal jurisdiction over her. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). Specific jurisdiction must rest on litigation-specific conduct of the defendant in the forum state. *Id.* at 801. The complaint contains no allegations that Powell personally reached into Illinois to commit any litigation-related conduct; as a result, there is no specific jurisdiction over her. Powell's motion to dismiss for lack of personal jurisdiction is granted. The complaint against Powell is dismissed without prejudice.

The only count of the amended complaint alleged against APA is the conspiracy claim.* Meadows litigated one case against the union, a case based on the handling of his grievances that reached a final judgment. *Meadows v. Allied Pilots Association*, No. 2:14-cv-00115 (D. Utah). The doctrine of res judicata will block a second lawsuit if the suits involve: (1) the same parties; (2) claims based on the same, or nearly the same, factual allegations in both suits; and (3) a final judgment on the merits in the first suit. *Barr v. Bd. of Trustees of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015). A pending appeal does not deprive a judgment of its finality. *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007). Res judicata operates as a bar to any claim between two parties that could have been raised in an earlier litigation. *See Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). The current conspiracy claim against the union is such a claim, and it is therefore barred.

In addition, as detailed as it may be, Meadows's complaint is missing any allegation that supports an inference that the union agreed with the airline to commit an unlawful act against Meadows—a necessary element to any conspiracy claim. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 941 (7th Cir. 2012) (without a knowing agreement, there can be no conspiracy). Plaintiff's conclusory allegation of collusion and other allegations that the union and the airline worked hand-in-glove are not supported by any factual allegations that move the claim from the speculative to the plausible. The bankruptcy settlement entered into

---

* Meadows refers to his claim as a federal civil conspiracy claim, but there are no state actors allegedly involved. The union treats the claim as one under Illinois law. *See Hess v. Kanoski & Assocs.*, 668 F.3d 446, 456 (7th Cir. 2012) (citing *Clarage v. Kuzma*, 342 Ill.App.3d 573, (3d Dist. 2003), for the elements of civil conspiracy). No defendant raises preemption concerns. *See Teamsters Local Union No. 705 v. Burlington N. Santa Fe, LLC*, 741 F.3d 819, 826 (7th Cir. 2014); *Wisconsin Cent., Ltd. v. Shannon*, 539 F.3d 751, 757 (7th Cir. 2008).

by the union and the airline is not a conspiratorial agreement, because it was approved by the bankruptcy court and thus cannot be an agreement to participate in unlawful conduct. The amended complaint fails to state a claim for conspiracy against the union.

Meadows has offered no arguments in response to the union's "plausible reasons for dismissing [the] complaint," and courts are not going to "try to discover whether there might be something to say against the [defendant's] reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). The union's motion to dismiss is granted.

ENTER:

Date: 7/27/16

Manish S. Shah
U.S. District Judge